HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MANJINDER SINGH BEESLA,

    Plaintiff,

    v.

GURUDWARA SINGH SABHA,

    Defendant.

Case No. 2:21-cv-1154-RAJ

ORDER

## I.   INTRODUCTION

This matter is before the Court *sua sponte*. On September 8, 2021, the Honorable Michelle L. Peterson, United States Magistrate Judge, granted *pro se* Plaintiff Manjinder Singh Beesla's application to proceed *in forma pauperis*, while recommending the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B). Dkt. # 5. Having reviewed the complaint, the Court **DISMISSES** the complaint. Dkt. ## 1, 6.

## II.   DISCUSSION

Under 28 U.S.C. § 1915, a court is required to dismiss an *in forma pauperis* plaintiff's case if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

ORDER – 1

who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

In his complaint, Plaintiff Manjinder Singh Beesla ("Plaintiff") states his claim as follows:

> Countering my civil rights fight of hate crime in social justice without courts. Aiding in my death threat along with my mother in law Manjit Kaur. And Wife Kuldip Kaur Beesla. Unsafe worship place and living place home since 2006.

Dkt. # 1-1 at 4. He requests relief in the form of "retirement, medical health condition of severe sickness done by social justice operated without any cause and hearings." *Id.* He asserts that he is not able to work and requests $5,000,000. *Id.* Plaintiff also attaches a "demand letter," ostensibly addressed to Defendant Gurudwara Singh Sabha, wherein he alleges that Defendant "acted as an internal dispatch of social justice, where hunting goes on for fifteen years without any cause or hearings." Dkt. # 1-2 at 1. Plaintiff alleges that his wife and mother-in-law were "involved in hidden abuse in [Defendant's] internal operations without any cause and hearings." *Id.* Plaintiff then demands a "justice check of 5 million in [the] law suit against illegal operations along with Internal Department of Police of India and Police of USA."

Plaintiff's statements do not constitute a cognizable claim. In the absence of any factual allegations supporting any discernable cause of action on which relief may be granted, the Court must dismiss the complaint without prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). Plaintiff may, however, amend the complaint within 21 days of the Order. "Unless it is absolutely clear that no amendment can cure the defect . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

ORDER – 2

### III.  CONCLUSION

For the reasons stated above, Plaintiff's complaint is **DISMISSED** without prejudice.  Plaintiff may file an amended complaint within **twenty-one (21) days** of the Order.  If Plaintiff fails to timely comply with this Order by filing an amended complaint that corrects the deficiencies noted above, the Court will dismiss this action without leave to amend.

DATED this 9th day of September, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3