HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MANJINDER SINGH BEESLA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GURUDWARA SINGH SABHA,<br><br>　　　　　Defendant. | Case No. 2:21-cv-1154-RAJ<br><br>ORDER |

This matter is before the Court *sua sponte*. On September 10, 2021, the Court dismissed Plaintiff's complaint, Dkt. # 1, pursuant to 28 U.S.C. § 1915, for failure to state a claim on which relief may be granted. Dkt. # 7. The Court permitted Plaintiff to file an amended complaint within 21 days to address the deficiencies identified in the Order. *Id.* Plaintiff timely filed an amended complaint. Dkt. # 8. Having reviewed the amended complaint, the Court concludes that Plaintiff has failed to correct the deficiencies and failed to state a claim on which relief may be granted.

As discussed in the prior Order, under 28 U.S.C. § 1915, a court is required to dismiss an *in forma pauperis* plaintiff's case if the action "(i) is frivolous or malicious;

ORDER – 1

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners"). Section 1915(e)(2), as it applies to dismissals for failure to state a claim, parallels the language of Federal Rule of Civil Procedure 12(b)(6). 203 F.3d at 1127. To avoid dismissal under 12(b)(6), a plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Twombly*, 550 U.S. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In his two-page amended complaint, Plaintiff Manjinder Singh Beesla ("Plaintiff") claims that he "was fighting for civil rights and guys from Gurudwara Singh Sabha had big and heavy impacts on [his] normal workplace life and home family life." Dkt. # 8 at 1. He appears to allege that police in both India and the United States had abused him psychologically with "murder attempts." *Id.* However, Plaintiff does not provide any facts to support these vague allegations. Plaintiff does not set forth any elements of a claim. Plaintiff does not identify specific wrongdoing by the named defendant. In sum, Plaintiff does not provide any basis whatsoever to support an action against the defendant in a court of law. Plaintiff's claims are not merely "defective" such that the pleading "could be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *see Lopez* 203 F.3d at 1130 (finding that the plaintiff could have cured the deficiencies in his complaint by naming the correct defendants). Rather, Plaintiff fails to allege *any* facts to support *any* claim whatsoever.

Finding that Plaintiff has again failed to state any factual allegations supporting any discernable cause of action on which relief may be granted, the Court must dismiss the complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). Finding that

ORDER – 2

Plaintiff cannot cure the deficiencies of the complaint through amendment, the Court now **DISMISSES with prejudice** Plaintiff's amended complaint, Dkt. # 8, pursuant to § 1915(e)(2)(B)(ii).

DATED this 12th day of October, 2021.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3